No. 9603
Orleans

JAMES ROBINSON, Appellant v. T. SMITH & SONS, INC.

(Nov. 2, 1925, Opinion and Decree.)

---

(Syllabus by the Court)

1. **Louisiana Digest—Master and Servant— Par. 154, 160 (j).**

Where under the compensation law there is doubt as to the date of recovery of an injured employee, and medical experts, testifying in the cause are uncertain, the doubt will be resolved in favor of the employee in accord with the spirit of the compensation law.

Appeal from Civil District Court, Division "D", Parish of Orleans, Hon. Porter Parker, Judge.

This is a suit for compensation to an injured employee under the Workmen's Compensation Law, Act No. 20 of 1914. There was judgment for defendant and plaintiff appealed.

Judgment reversed.

E. M. Stafford, Daniel Wendling, of New Orleans, attorneys for plaintiff, appellant.

Walter Carroll, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. Plaintiff brings this suit under the compensation law claiming $18.00 per week for thirteen weeks, or $234.00 plus $4.00 for doctor's fees.

There is no denial of plaintiff's injury, nor dispute as to the amount of weekly compensation due him under the act. Defendant paid plaintiff the weekly indemnity of $18.00 for several months, or from February 21, 1922, the date on which plaintiff was injured, to May 10, 1922, and discontinued payments on that day on the

ground that plaintiff was completely recovered and able to go to work. Plaintiff insists that he did not recover from his injuries until thirteen weeks thereafter and the sole issue before us is one of fact, i. e., when did plaintiff recover from his injuries?

The trial court rendered judgment for defendant dismissing plaintiff's demand.

The judgment cannot be affirmed, if for no other reason, because defendant has admitted owing four days more and defendant's medical expert, Dr. Cole, has testified that plaintiff was able to go to work on May 18, 1922, and since payments stopped on May 10, 1922, there must be at least eight days more of compensation due plaintiff.

But plaintiff says he was incapacitated for thirteen weeks longer. His occupation is that of longshoreman. He is a negro of about 48 years of age and was injured by a piece of heavy timber falling on his left foot. He claims he was unable to return to work until September 1, 1922. His sister, sister-in-law, and two negresses, friends of plaintiff, all testify in support of his contention, saying that he was confined to his home or moved abroad only with the aid of crutches or a cane; that his foot was swollen and required bathing daily in hot water during all the time for which he claims compensation. Plaintiff called on a Dr. Newman several times after being discharged by Drs. Phillips, Harrison and Cole, a firm of doctors who had been treating him for account of his employer. On the other hand, Dr. Cole testified that plaintiff was well when discharged by him in May, but admitted that there was still a little swelling in the foot. Dr. Henriques, a radiologist, testified that there were no bones broken and that the foot was all right on May 16, 1922, but he also admitted that there was some swelling. There is considerable testimony by both doctors to the effect that plaintiff was a chronic sufferer from hypertrophic arthritis of the dorsum with a spur on the os calcis and in addition had flat feet. It is suggested that a foot thus afflicted might prolong plaintiff's recovery and that subsequent to May 18, 1922, plaintiff might have been beset, by one of the ancient infirmities of his feet and not the effects of the falling timber. Perhaps, but we are convinced from a perusal of the evidence of the medical experts that James Robinson might and probably would have gone to his grave without knowing that the dorsum of his foot was afflicted with hypertrophic arthritis or that there was a spur on his os calcis, if it had not been for the blow on his foot caused by the falling timber. However, we are not satisfied that Robinson should require thirteen weeks to recuperate from an injured foot after two reputable doctors pronounced his foot well enough for him to go to work. Two receipts of two dollars each of Dr. Newman given plaintiff for his fee for office visits are in the record, the last one dated June 13, 1922. Dr. Newman says he was not well on that day, though he cannot say when he recovered. It is unlikely that plaintiff would pay a doctor a fee of two dollars for consultation if his foot was normal. Giving plaintiff the benefit of the doubt, which is in accord with the spirit of the compensation statute, we will allow him six weeks additional compensation.

It is therefore, ordered that the judgment appealed from be reversed and it is now ordered that there be judgment in favor of James Robinson, plaintiff herein, and against defendant, Smith and Son, Inc., in the sum of $108.00, with five per cent interest from June 10, 1922, until paid, with costs of both courts.